# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50308 | **DATE** | 4/18/2013 |
| **CASE TITLE** | Celletti vs. Becherer, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendants motion to dismiss is granted. Plaintiff's claims are dismissed without prejudice. Plaintiff may file an amended complaint, not inconsistent with this order, on or before May 18, 2013. If no amended complaint is filed within the time allowed, this dismissal will become with prejudice after said date.

*Philip G. Reinhard*

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Dominic J. Celletti, pro se, brings this action against defendants, Jack Becherer, individually and in his official capacity as president of Rock Valley College, Quiana Preston, individually and in her official capacity as student life manager at Rock Valley College, and the Board of Trustees of Rock Valley College ("RVC"), Winnebago, Boone, DeKalb, McHenry, Ogle and Stephenson Counties, Illinois ("Board").[1] Plaintiff, a student at the college, claims deprivation of his First Amendment right to freedom of speech. Jurisdiction is proper under 42 U.S.C. § 1983. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Plaintiff challenges the Board's policy, and its implementation by Becherer and Preston, of limiting bulletin board postings by individuals not affiliated with recognized student clubs or organizations to certain bulletin boards on the RVC campus. Plaintiff was denied permission to post on the College Events bulletin boards located around campus and was permitted to post only on two Free and Events boards located in the RVC Student Center. He alleges the exposure of the Free and Events boards is limited. Preston denied his request to post on the College Events boards because he was not seeking permission on behalf of a college club or organization.

The RVC student handbook for 2011-2012 provides: "No person shall post any sign, poster, handbill, or advertisement on the campus or any property that the college may own or lease except as appointed by the president or appointed designee." The handbook also states that an officially recognized RVC department or organization may "distribute or post materials which pertain to the activities of the group at any authorized distribution center, bulletin board or display area" and that other individuals wishing to distribute or post any type of materials on the RVC college campus must obtain prior approval from the Manager, Student Life and is subject to the restrictions defined in this policy." Plaintiff contends the policies and their implementation impose unreasonable time, place and manner restrictions on speech and are an unconstitutional prior restraint on speech.

"The government violates the Free Speech Clause of the First Amendment when it excludes a speaker from a speech forum the speaker is entitled to enter." Christian Legal Society v. Walker, 453 F.3d 853, 865 (7th Cir. 2006). The exclusion of a speaker from a traditional public forum, like a street or a park, or from a "designated public forum" "which is created when the government opens a nontraditional public forum for public discourse" is subject to strict scrutiny. Id. Public property that is not by tradition or designation a forum for public communication is a nonpublic

(sometimes called a limited public) forum. Speech restrictions in a nonpublic forum must not discriminate on the basis of viewpoint and must be reasonable in light of the purpose served by the forum. Id.

Defendants argue that the bulletin boards established for use by recognized student organizations ("RSO") are a limited (nonpublic) forum for student speech set up for the purpose of advertising events and activities sponsored by RSO. A college's use of an RSO program establishes a limited public forum. See Christian Legal Society v. Martinez, __ U.S. __, __, 130 S. Ct. 2971, 2984, n.12 (U.S. 2010). These recognized organizations can be given access to channels of communication that individuals and other organizations are denied. Id. at 2979. In Martinez, Hastings Law School allowed RSO among other things to advertise on designated bulletin boards and non-RSO to use generally available campus bulletin boards. The Supreme Court observed this "would do nothing to suppress CLS's endeavors but neither would it lend RSO-level support to them." Id. at 2981.

Here, based on the allegations in the complaint, the restriction of plaintiff to use of certain generally available bulletin boards while allowing RSO to use a larger number of designated bulletin boards does not violate plaintiff's free speech rights. The policy does not discriminate based on viewpoint. Plaintiff does not allege defendants were trying to suppress his views only that they were not giving him the same opportunity to express his views as RSO received. The restrictions are reasonable in light of the purpose served by the forum. RSO are supported in part by funds from RVC. The College Events boards serve the purpose of allowing RSO to advertise their functions, activities, and events. Limiting use of these boards to RSO and establishing other locations for non-RSO postings is reasonable. The non-RSO is not suppressed but simply not given RSO-level support. See id. Plaintiff was allowed to post his message.

Plaintiff also contends the policies constitute an unlawful prior restraint because Preston, the Manager, Student Life, could deny an applicant the right to post by engaging in a review of the content of the proposed posting and then denying the request based on her review of the proposed document for posting. But, according to the allegations of the complaint, that did not happen. Plaintiff was allowed to post his flyer. It was not subjected to any review by Preston or anyone else. She simply told him where he could post it and where he could not. No suppression of plaintiff's expression occurred. See id.

Defendants argue in the alternative that Becherer and Preston are entitled to dismissal of the claims against them on qualified immunity grounds. Since the court concludes the complaint should be dismissed for failure to state a claim, this argument, offered only in the alternative, will not be addressed.

While this motion was pending, and after all briefs were filed, plaintiff, without leave of court, filed a purported amended complaint. Magistrate Judge Mahoney elected to treat this purported amended complaint as a motion for leave to file an amended complaint and transferred it to this court for ruling. Because the purported amended complaint is not in conformance with Fed. R. Civ. P. 15(a)(1)(B) in that it was made more than 21 days after service of defendant's Rule 12(b) motion, and in light of the decision set forth below to allow plaintiff an opportunity to amend with the benefit of this order to guide him, the untimely amendment/motion is denied.

For the foregoing reasons, defendants motion to dismiss is granted. Plaintiff's claims are dismissed without prejudice. Plaintiff may file an amended complaint, not inconsistent with this order, on or before May 17, 2013. If no amended complaint is filed within the time allowed, this dismissal will become with prejudice after said date.

---

1. Because plaintiff has named the Board separately as a defendant, the official capacity claims against Becherer and Preston are duplicative and accordingly dismissed. Howard v. City of Freeport, No. 08 C 50156, 2010 WL 5175083, * 1, n.1 (N.D. Ill. Nov. 30, 2010) (Reinhard, J.)