IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Dominic J. Celletti,     ) | |
| ) | Case No. 12 C 50308 |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | |
| ) | |
| Jack Becherer, et al.     ) | |
| ) | Judge Philip G. Reinhard |
| Defendant.     ) | |
| ) | |

## ORDER

For the reasons stated below, defendants' motion to dismiss is granted. Plaintiff's claims are now dismissed with prejudice. This case is terminated.

## STATEMENT - OPINION

Plaintiff, Dominic J. Celletti, pro se, brings this action, via an amended complaint, against defendants, Jack Becherer, individually and in his official capacity as president of Rock Valley College, Quiana Preston, individually and in her official capacity as student life manager at Rock Valley College, and the Board of Trustees of Rock Valley College ("RVC"), Winnebago, Boone, DeKalb, McHenry, Ogle and Stephenson Counties, Illinois ("Board").[1] Plaintiff, a student at the college, claims deprivation of his First Amendment right to freedom of speech. He asserts RVC's policies are an unreasonable time, place and manner restriction (Count I), an unconstitutional prior restraint (Count II), that RVC fails to provide a reasonable alternative forum (Count III), and that Preston was given and used unlawful discretion (Count IV). Jurisdiction is proper under 42 U.S.C. § 1983. The court dismissed the claims in the original complaint without prejudice for failure to state a claim upon which relief can be granted. Defendants move to dismiss the claims in the amended complaint for the same reason. Fed. R. Civ. P. 12(b)(6).

---

[1] As with the original complaint, plaintiff has named the Board separately as a defendant. This makes the official capacity claims against Becherer and Preston duplicative and accordingly those claims are dismissed. Howard v. City of Freeport, No. 08 C 50156, 2010 WL 5175083, * 1, n.1 (N.D. Ill. Nov. 30, 2010) (Reinhard, J.)

Plaintiff challenges the Board's policy, and its implementation by Becherer and Preston, of limiting bulletin board postings by individuals not affiliated with recognized student clubs or organizations to certain bulletin boards on the RVC campus. Plaintiff was denied permission to post on the College Events bulletin boards located around campus and was permitted to post only on two Free and Events boards located in the RVC Student Center. He alleges the exposure of the Free and Events boards is limited. Preston denied his request to post on the College Events boards because he was not seeking permission on behalf of a college club or organization. She told him if he posted on the College Events boards his posting would be taken down.

The RVC student handbook for 2011-2012 provides: "No person shall post any sign, poster, handbill, or advertisement on the campus or any property that the college may own or lease except as appointed by the president or appointed designee." The handbook also states that an officially recognized RVC department or organization may "distribute or post materials which pertain to the activities of the group at any authorized distribution center, bulletin board or display area" and that other individuals wishing to distribute or post any type of materials on the RVC college campus must obtain prior approval from the Manager, Student Life and is "subject to the restrictions defined in this policy."

The handbook also contains the following language:

"Sign posting priority:
• Student Government Association and/or Campus Activities Board programs
• Recognized club programs
• RVC programs
• Any personal items offered by RVC students
• Miscellaneous non-profit community programs, which do not promote the consumption of alcohol."

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Yeftich v. Navistar, Inc., No. 12-2964, 2013 WL 2992163, *2 (7th Cir. June 18, 2013) (internal quotation marks and citations omitted). "Where the well-pleaded facts do not permit the court to infer more that the mere possibility of misconduct, the complaint has alleged– but it has not shown– that the pleader is entitled to relief." Id. (internal quotation marks and citations omitted).

Plaintiff's claims fail for the same reasons the claims failed in the original complaint. As the court stated in its order [26] dismissing the original complaint:

"'The government violates the Free Speech Clause of the First Amendment when it excludes a speaker from a speech forum the speaker is entitled to enter.' Christian Legal Society v. Walker, 453 F.3d 853, 865 (7th Cir. 2006). The exclusion of a speaker from a

traditional public forum, like a street or a park, or from a 'designated public forum' 'which is created when the government opens a nontraditional public forum for public discourse' is subject to strict scrutiny. Id. Public property that is not by tradition or designation a forum for public communication is a nonpublic (sometimes called a limited public) forum. Speech restrictions in a nonpublic forum must not discriminate on the basis of viewpoint and must be reasonable in light of the purpose served by the forum. Id.

Defendants argue that the bulletin boards established for use by recognized student organizations ("RSO") are a limited (nonpublic) forum for student speech set up for the purpose of advertising events and activities sponsored by RSO. A college's use of an RSO program establishes a limited public forum. See Christian Legal Society v. Martinez, __ U.S. __, __, 130 S. Ct. 2971, 2984, n.12 (U.S. 2010). These recognized organizations can be given access to channels of communication that individuals and other organizations are denied. Id. at 2979. In Martinez, Hastings Law School allowed RSO among other things to advertise on designated bulletin boards and non-RSO to use generally available campus bulletin boards. The Supreme Court observed this 'would do nothing to suppress CLS's endeavors but neither would it lend RSO-level support to them.' Id. at 2981.

Here, based on the allegations in the complaint, the restriction of plaintiff to use of certain generally available bulletin boards while allowing RSO to use a larger number of designated bulletin boards does not violate plaintiff's free speech rights. The policy does not discriminate based on viewpoint. Plaintiff does not allege defendants were trying to suppress his views only that they were not giving him the same opportunity to express his views as RSO received. The restrictions are reasonable in light of the purpose served by the forum. RSO are supported in part by funds from RVC. The College Events boards serve the purpose of allowing RSO to advertise their functions, activities, and events. Limiting use of these boards to RSO and establishing other locations for non-RSO postings is reasonable. The non-RSO is not suppressed but simply not given RSO-level support. See id. Plaintiff was allowed to post his message.

Plaintiff also contends the policies constitute an unlawful prior restraint because Preston, the Manager, Student Life, could deny an applicant the right to post by engaging in a review of the content of the proposed posting and then denying the request based on her review of the proposed document for posting. But, according to the allegations of the complaint, that did not happen. Plaintiff was allowed to post his flyer. It was not subjected to any review by Preston or anyone else. She simply told him where he could post it and where he could not. No suppression of plaintiff's expression occurred. See id."

Plaintiff does not address Walker or Martinez, which were at the core of the prior dismissal, in his brief in support of his amended complaint. Plaintiff has offered no reason why these cases are not controlling on this motion to dismiss his amended complaint.

Plaintiff contends the "sign posting priority" list (which he did not reference in his first complaint) establishes that "any personal items offered by RVC students" are on par with RSO when it comes to posting. He seems to argue this makes Preston's decision to limit where he could post unconstitutional. However, as noted above, allowing RSO to use a larger number of designated bulletin boards than non-RSO posters is not a violation of the free speech rights of the non-RSO poster. Id. The list does not change defendants' right under the First Amendment to give RSO a higher level of support than non-RSO. Id.[2]

For the foregoing reasons, defendants' motion to dismiss is granted. Plaintiff's claims are now dismissed with prejudice as it is apparent any further attempt to state a claim would be futile. This case is terminated.

Date: 9/04/2013                                    ENTER:

                                                   *Philip G. Reinhard*
                                                   _____
                                                   United States District Court Judge


                                                   Notices mailed by Judicial Staff (cjr)

---

[2] Defendants argue in the alternative that Becherer and Preston are entitled to dismissal of the claims against them on qualified immunity grounds. Since the court concludes the complaint should be dismissed for failure to state a claim, this argument, offered only in the alternative, will not be addressed.